IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE OPERATING :
ENGINEERS TRUST FUND, et al. :

   v. : Civil Action No. DKC 10-0227

DOMINION CAISSON CORPORATION :

**MEMORANDUM OPINION**

Pending before the court is a motion filed by Plaintiffs, Trustees of the Operating Engineers Local 77 Trust Fund, for entry of a default judgment against Defendant Dominion Caisson Corporation. (Paper 6). Defendant has failed to respond. The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be denied without prejudice to renewal.

**I. Background**

Defendant is a Virginia corporation bound by the terms of a collective bargaining agreement between itself and Local 77, International Union of Operating Engineers, to make contributions to Plaintiffs' funds on behalf of its employees. Plaintiffs are trustees of those funds established and maintained as the result of the collective bargaining agreement. The funds are administered in the State of Maryland.

The collective bargaining agreement requires Defendant to make contributions to Plaintiffs' funds at specified rates and binds Defendant to the terms and conditions of the agreements and declarations of trust establishing the funds. Pursuant to those agreements, Defendant is required to submit to Plaintiffs, within thirty days of the end of the month in which the contribution liability was incurred, contribution reports listing the name of each person employed pursuant to the collective bargaining agreement and the number of compensable hours of wages paid to each person during the relevant month. Defendant is further bound to submit payments to the funds in the amount due under the collective bargaining agreement.

In the event that contributions are paid after the due date, Defendant is bound to pay interest at the rate of two percent for the first fifteen days of delinquency, two percent for the next fifteen days, and two percent per month or portion of any month thereafter, calculated from the due date through the date of payment. Defendant is additionally obligated to pay liquidated damages associated with late payments in an amount equal to the greater of twenty percent of the contributions owed, or fifty dollars; attorneys' fees and cost incurred by the trustees in collecting amounts due; and dues of members to Local Union No. 77, International Brotherhood of Operating Engineers.

Defendant failed to make any required contributions and/or failed to submit reports to Plaintiffs' funds based on work performed from April 2008 through January 28, 2010, the date Plaintiffs filed their complaint. Moreover, with the exception of two months, Defendant made untimely contributions to the funds for work performed from February 2001 through March 2008. Although Plaintiffs have demanded payment of the delinquent amounts, Defendant has either refused or otherwise failed to pay.

On January 28, 2010, Plaintiffs filed a complaint alleging that Defendant breached the collective bargaining and trust agreements, seeking enforcement of the terms of those agreements under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, and the Taft-Hartley Act, 29 U.S.C. § 185. (Paper 1). The record reflects that the complaint was served upon Defendant's resident agent on February 1, 2010. When Defendant failed to respond within the requisite time period, Plaintiffs moved for entry of default on March 1, 2010, and default judgment on March 29, 2010. The clerk entered default on April 15, 2010. Defendant has failed to respond to any of Plaintiffs' filings.

**II. Analysis**

Pursuant to Fed.R.Civ.P. 55(b)(2), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to

3

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies

the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages. . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, *3 (D.Md. April 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

Here, Plaintiffs' complaint seeks a judgment for "all delinquent contributions, interest, liquidated damages, audit fees, and attorneys' fees"; "a full and complete accounting of all amounts due"; and injunctive relief enjoining Defendant from

5

"failing and refusing to submit contribution reports . . . and from failing and refusing to pay the contributions owed [Plaintiffs] by the date such payments are due[.]" (Paper 1, at 7). The complaint does not specify a damages amount; indeed, it seeks an accounting in order to determine the amounts due. In their motion for default judgment, however, Plaintiffs assert that Defendant owes $441,516.26 in contributions, $357,044.03 in liquidated damages, $59,671.34 in interest, and $20,877.74 in attorneys' fees and costs. In total, Plaintiffs seek default judgment in an amount of $879,109.37, as well as an order directing Defendant to submit current and future reports and contributions in a timely manner and imposing a "prospective fine in the amount of $100.00 per day" if Defendant fails to do so. (Paper 6, at 4).

As support for the amounts to which Plaintiffs claim entitlement, they provide the affidavits of Wendy Chambers, an employee of the administrator of Plaintiffs' Funds, and Eric J. Wexler, Plaintiffs' attorney. Ms. Chambers asserts that she is "responsible for monitoring and maintaining records with respect to monthly contribution reports and payments to the Funds made by various contractors," including those made by Defendant. (Paper 6, Ex. A, at ¶ 2). With respect to work performed from February 2001 through May 2008, Ms. Chambers avers that Defendant failed to pay contributions from June 2008 through

6

December 2009, thereby accruing a contribution delinquency of $441,516.26, providing a breakdown of the specific amounts owed to each plaintiff fund. As to liquidated damages related to late-paid contributions "[f]or various months between February 2001 and December 2009," Ms. Chambers states that Defendant owes $357,044.03, and, for the same months, that an interest delinquency of $59,671.34 is owed, again providing a breakdown of the amounts due to each plaintiff. (*Id.* at 3). In support of Plaintiffs' claim for attorneys' fees and costs, Mr. Wexler avers that his firm has "spent 3.1 hours at an hourly rate of $190, 73.1 hours at an hourly rate of $195.00, and 27.4 hours at an hourly rate of $205.00 on these activities during the course of this action," and incurred $417.24 in costs. (Paper 6, Ex. B, at ¶ 3).

Both of these affidavits fail to provide adequate support for the amounts requested. Ms. Chambers has merely asserted, in conclusory fashion, the amounts she believes are owed to Plaintiffs. She has not demonstrated how she arrived at these figures, nor has she provided any supportive documentation attesting to Defendant's obligations under the collective bargaining and trust agreements. Absent such information, it is impossible for the court to verify the amounts claimed.

By way of example, Chief Magistrate Judge Grimm recently recommended entry of a default judgment for damages in an ERISA case based upon a sufficient affidavit:

> Here, Plaintiffs claim $32,422.92 in damages in their Motion for Default Judgment. As noted, Plaintiffs submitted the Declaration of R. Reneé Parenti, Executive Vice President of Carday Associates, Inc. and the Plan Administrator for Plaintiffs' Trust Funds. Parenti stated that "Defendant owes $35,422.92 to the Plaintiff Trust Funds," and that the sum represented unpaid contributions, "liquidated damages of 15% of the amount due ... and interest in the amount of 10% per annum." Parenti Aff. ¶¶ 7-8 She explained how she reached the sum. *Id*. ¶¶ 8-19. In support of her calculations, Parenti attached copies of the Amendments to the Trust Fund Agreements, which indicate the deadlines for employers' submissions of contribution reports and payments of contributions, and provide for liquidated damages and interest, Parenti Aff. Ex. 1, Paper No. 13-2; copies of contribution reports that Defendant submitted late, Parenti Aff. Ex. 2 & 5, Paper Nos. 13-3 & 13-6; copies of Statements of Accounts Receivable sent to Defendant in March, 2010, Parenti Aff. Ex. 3 & 6, Paper No. 13-4 & 13-7; and a copy of the Agreement for the Participation of Non-Collectively Bargained Employees in the Laborers' District Council Health & Welfare Trust Fund No. 2, Parenti Aff. Ex. 4, Paper No. 13-5. Because Plaintiffs presented sufficient evidence to support the amount of damages claimed, I recommend that the Court award $35,422.92 in damages. *See Pentech* [*Financial Services, Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. 6:09cv00004], 2009 WL 1872535, at *2 [(W.D.Va. June 30, 2009)]; *DirecTV* [*, Inc. v. Yancey*, No. Civ.A. 404CV00011], 2005 WL 3435030, at *2 [(W.D.Va. Dec. 12, 2005)]; *JTH Tax, Inc.* [*v. Smith*, Civ. No. 2:06CV76],

> 2006 WL 1982762, at *3 [(E.D.Va. June 23, 2006)].

*Laborers' Dist. Council Pension*, 2010 WL 1568595, at *4. The affidavit and supporting documents in that case clearly established Plaintiffs' entitlement to the claimed damages. Here, by contrast, Plaintiffs have failed to make a sufficient showing. Accordingly, their motion for default judgment as to damages will be denied without prejudice to their right to renew their application, submitting more detailed documentation in support.

Mr. Wexler's affidavit similarly fails to provide sufficient information in support of Plaintiffs' claims for attorneys' fees. Pursuant to 29 U.S.C. § 1132(g)(2)(D), upon entering judgment in favor of the plaintiff in an ERISA action for a plan to recover unpaid contributions, the court "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." In calculating that award, the court must determine "the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Laborers' Dist. Council Pension*, 2010 WL 1568595, at *4 (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008)). In that analysis, Plaintiffs must establish that "'the number of hours for which [they seek] reimbursement is reasonable and does not include hours that are excessive,

9

redundant, or otherwise unnecessary.'" *Id*. (quoting *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D.Va. June 12, 2008)). Mr. Wexler's affidavit, however, includes no description of the services provided; instead, he simply states the number of hours his firm spent on "activities during the course of this action," without providing any explanation as to what those "activities" entailed. Without this information, the court cannot assess the reasonableness of these fees. Accordingly, it will deny a default award of attorneys' fees and costs, subject to renewal.

With regard to Plaintiffs' request that the court impose "a prospective fine in the amount of $100.00 per day" should Defendant fail to submit future contributions and reports in accordance with its obligations under the agreements, this relief was not requested in Plaintiffs' complaint. As noted, courts have generally held that a default judgment cannot award damages other than those sought in the complaint. *See In re Genesys Data Technologies, Inc.*, 204 F.3d at 132. Because Plaintiffs failed to request in their complaint the imposition of a penalty amount accruing daily upon instances of further noncompliance, the court will decline to impose such a prospective sanction at this juncture.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment will be denied, without prejudice to Plaintiffs' right to renew.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge