IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE OPERATING  :
ENGINEERS TRUST FUND, et al. :

  v.  :  Civil Action No. DKC 10-0227

  :
DOMINION CAISSON CORPORATION
  :

**MEMORANDUM OPINION**

Pending before the court is a renewed motion filed by Plaintiffs, the trustees of various trust funds associated with Operating Engineers Local No. 77, for entry of default judgment against Defendant Dominion Caisson Corporation. (ECF No. 12). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

I.  **Background**

On January 28, 2010, Plaintiffs filed a complaint alleging that Defendant breached collective bargaining and trust agreements and seeking enforcement of the terms of those agreements under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, and the Taft-Hartley Act, 29 U.S.C. § 185. (ECF No. 1). According to the complaint, Defendant was required to "submit to Plaintiffs within 30 days of the end of the month in which the contribution liability was

incurred contribution reports listing . . . the number of compensable hours of wages paid to each [employee] during the relevant month," and "submit payments to the Funds in the amounts due under the [collective bargaining agreement]." (*Id*. at ¶ 12). If Defendant failed to make contributions by the due date, the agreements specified that it was required to pay liquidated damages "in an amount equal to the greater of 20% of the contributions owed, or $50.00" and "interest at the rate of 2% for the first 15 days of delinquency, 2% for the next 15 days, and 2% per month or portion of a month thereafter, calculated from the due date through the date of payment." (*Id*.). The agreements further provided that Defendant would pay attorneys' fees and costs incurred by Plaintiffs in any an action to collect amounts due. The complaint alleged that Defendant breached the terms of the agreements as follows:

> Defendant has failed to make contributions and/or failed to submit reports to the Funds based on work performed from April 2008 through the date of this Complaint [*i.e.*, January 28, 2010] as required under the [collective bargaining agreement]. Defendant therefore owes contributions, liquidated damages, and interest to the Funds for these periods. Defendant also owes liquidated damages and interest on untimely contributions for work performed from February 2001 through March 2008, excluding those months of January through August 2005. In addition, Defendant owes all reasonable Attorneys' fees related to this collections action.

(*Id*. at ¶ 13).

When Defendant failed to respond to the complaint within the requisite time period after service, Plaintiff separately moved for entry of default and default judgment. The clerk entered default against Defendant on April 15, 2010. In their initial motion for default judgment, Plaintiffs asserted that Defendant owed "$441,516.26 in Contributions for the months of June 2008 through December 2009," "$357,044.03 in Liquidated Damages for various months between February 2001 and December 2009"; "$59,671.34 in Interest for various months between February 2001 and December 2009"; and "attorneys' fees and costs of $20,877.74." (ECF No. 6, ¶¶ 4-6, 8). In total, Plaintiffs sought default judgment in an amount of $897,109.37, as well as an order directing Defendant to submit current and future reports and contributions in a timely manner and imposing a "prospective fine in the amount of $100.00 per day" if Defendant failed to do so. (*Id*. at 4). In support of the amounts to which they claimed to be entitled, Plaintiffs submitted the affidavits of Wendy Chambers, an employee of the administrator of Plaintiffs' funds, and Eric J. Wexler, Plaintiff's attorney.

On April 27, 2010, the court issued a memorandum opinion and order denying Plaintiffs' motion without prejudice to their right to renew. (ECF Nos. 8, 9). The court found that the affidavits submitted by Plaintiffs failed to provide adequate

support for the amounts requested. As to Ms. Chambers' affidavit, the court explained:

> Ms. Chambers has merely asserted, in conclusory fashion, the amounts she believes are owed to Plaintiffs. She has not demonstrated how she arrived at these figures, nor has she provided any supportive documentation attesting to Defendant's obligations under the collective bargaining and trust agreements. Absent such information, it is impossible for the court to verify the amounts claimed.

(ECF No. 8, at 7). The court also found that Mr. Wexler's affidavit was deficient:

> Mr. Wexler's affidavit . . . includes no description of the services provided; instead, he simply states the number of hours his firm spent on "activities during the course of this action," without providing any explanation as to what those "activities" entailed. Without this information, the court cannot assess the reasonableness of these fees.

(*Id*. at 10). Finally, with regard to Plaintiffs' request that a prospective fine be imposed upon Defendant for any future act of noncompliance, the court determined that such relief was not available to Plaintiffs as it was not sought in their complaint.

Thereafter, there was no activity in the case for several months. At the court's request, Plaintiffs submitted a status report on July 6, 2010, advising that they would be filing a renewed motion for default judgment within thirty days. (ECF No. 11). They filed their renewed motion, which is presently pending, on September 14. (ECF No. 12).

4

**II. Standard of Review**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed. R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that

5

may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. April 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

**III. Analysis**

In their renewed motion for default judgment, Plaintiffs claim entitlement to a total award of $1,170,938.37. This total amount is the sum of three different categories: (1) unpaid contribution amounts, (2) liquidated damages and interest for months in which no contributions were made, partial contributions were made, or contributions were paid late, and (3) reasonable attorneys' fees and costs. Plaintiffs have submitted revised affidavits from Ms. Chambers and Mr. Wexler in support of these amounts.

Ms. Chambers attaches to her affidavit two exhibits purportedly demonstrating the amounts to which Plaintiffs are entitled under the collective bargaining and trust agreements for unpaid contributions, liquidated damages, and interest. The first exhibit consists of thirty contribution reports submitted by Defendant for work performed in certain months from September 2006 through July 2010. (ECF No. 12, Attach. 1, Ex. A). The second exhibit consists of spreadsheets purporting to demonstrate unpaid contributions, liquidated damages, and interest for a ten-year period (presumably, for 2001 through 2010, though the applicable years are not indicated on the spreadsheets). (ECF No. 12, Attach. 1, Ex. B).

**A.   Unpaid Contributions**

With regard to unpaid contribution amounts, Plaintiffs impermissibly seek relief beyond that requested in their complaint. Their complaint alleges that "Defendant has failed to make contributions and/or failed to submit reports to the Funds based on work performed from April 2008 through the date of this Complaint [*i.e.*, January 28, 2010,] as required under the [collective bargaining agreement]." (ECF No. 1, ¶ 13). Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, Plaintiffs may only recover unpaid contributions from April 2008 to January 2010.

Ms. Chambers' affidavit establishes that there were eight months within the relevant timeframe for which no contributions were made by Defendant. The contribution reports reflect that the amounts of unpaid contributions for those months were as follows:

| Month | Welfare Fund | Pension Fund | A & T Fund | Annuity Fund | Dues Fund |
|---|---|---|---|---|---|
| 8/08 | $15,225.62 | $6,448.50 | $2,149.50 | $5,373.75 | $2,113.67 |
| 9/08 | $11,851.12 | $5,019.30 | $1,673.10 | $4,182.75 | $1,645.21 |
| 10/08 | $15,393.50 | $6,519.60 | $2,173.20 | $5,433.00 | $2,136.98 |
| 11/08 | $12,116.75 | $5,131.80 | $1,710.60 | $4,276.50 | $1,682.09 |
| 3/09 | $11,519.63 | $4,627.80[1] | $1,626.30 | $4,065.75 | $1,599.20 |
| 4/09 | $11,719.38 | $4,963.50 | $1,654.50 | $4,136.25 | $1,626.93 |
| 5/09 | $15,312.00 | $6,960.00 | $2,088.00 | $5,220.00 | $2,122.80 |
| 6/09 | $13,805.00 | $6,275.00 | $1,882.50 | $4,706.25 | $1,913.88 |
| **TOTALS** | **$106,943.00** | **$45,945.50** | **$14,957.70** | **$37,394.25** | **$14,840.76** |

---

[1] There is a discrepancy between the contribution report and spreadsheet as to this amount. The court accepts the lower of the two amounts for purposes of this calculation.

8

The spreadsheets attached to Ms. Chambers' affidavit show that the following amounts are owed by Defendant with regard to work performed during the relevant timeframe for which only partial contributions were made:

| Month | Welfare Fund | Pension Fund | A & T Fund | Annuity Fund | Dues Fund |
|---|---|---|---|---|---|
| 6/08 | $6,557.95 | $496.20 | $0 | $0 | $183.98 |
| 7/08 | $12,363.25 | $5,236.20 | $1,668.60 | $4,171.50 | $1,716.31 |
| 2/09 | $422.13 | $0 | ($3,795.45) | $4,237.50 | $61.19 |
| 7/09 | $17,749.60 | $8,068.00 | $2,420.40 | $6,051.00 | $2,460.74 |
| 8/09 | $12,313.40 | $5,597.20 | $1,679.10 | $4,197.75 | $1,707.09 |
| 9/09 | $11,781.00 | $5,355.00 | $1,606.50 | $4,016.25 | $1,633.28 |
| 10/09 | $13,699.40 | $6,227.00 | $1,868.10 | $4,670.25 | $1,899.23 |
| 1/10 | $9,944.00 | $4,520.00 | $1,356.00 | $3,390.00 | $1,378.60 |
| **TOTALS** | **$84,830.73** | **$35,499.60** | **$6,803.25** | **$30,734.25** | **$11,040.42** |

Combining the total amounts for relevant months in which no contributions were made with those for months in which partial contributions were made, the plaintiff funds have established entitlement to default judgment in the following amounts of unpaid contributions: Welfare Fund ($191,773.73), Pension Fund ($81,696.20), Apprenticeship & Training Fund ($21,760.95), Annuity Fund ($68,128.50), and Dues Fund ($25,881.18).

### B. Liquidated Damages and Interest

According to the complaint, Plaintiffs are entitled to recover liquidated damages and interest for unpaid contributions from April 2008 to January 2010, and for late paid contributions from February 2001 through March 2008, excluding the months of January through August 2005. (ECF No. 1, ¶ 12). They may recover liquidated damages "in an amount equal to the greater of 20% of the contributions owed, or $50," and "interest at the rate of 2% for the first 15 days of delinquency, 2% for the next 15 days, and 2% per month or portion of a month thereafter, calculated from the due date through the date of payment." (*Id*.). In the instant motion, Plaintiffs contend, based on Ms. Chambers' affidavit, that they are entitled to a total liquidated damages award of $394,055.21 and interest in the amount of $75,953.14. (ECF No. 12, ¶¶ 4, 5).

Ms. Chambers' affidavit is insufficient to establish these amounts. With respect to late-paid contributions, Plaintiffs have failed to demonstrate the contribution amounts upon which the liquidated damages and interest calculations are based. Without knowing the amounts that were owed and the number of days for which interest accrued, the court is unable to verify the accuracy of Plaintiffs' calculations as to these months. Moreover, Plaintiffs seek liquidated damages and interest for "all months of 2005" (ECF No. 12, Attach. 1, at ¶ 4), but the

complaint explicitly excludes the months of January through August 2005 from the equation. Thus, they may not recover amounts for those months. Similarly, the spreadsheets add liquidated damages and interest for unpaid contribution amounts prior to April 2008 and after January 2010, which, as noted previously, Plaintiffs cannot recover.

The only calculations of liquidated damages and interest that the court is able to verify are those based on the eight months between April 2008 and January 2010 in which no contributions were paid. For those months, Plaintiff has established liquidated damages and interest owed to four of the five funds[2] in the following amounts:

| Welfare Fund | | | | |
|---|---|---|---|---|
| Month | Contribution Owed | Interest | Liquidated Damages | Total |
| 8/08 | $15,225.62 | $458.54 | $3,045.12 | $18,729.28 |
| 9/08 | $11,851.12 | $274.64 | $2,370.22 | $14,495.98 |
| 10/08 | $15,393.50 | $247.69 | $3,078.70 | $18,719.89 |
| 11/08 | $12,116.75 | $112.99 | $2,423.35 | $14,653.09 |
| 3/09 | $11,519.63 | $1,372.60 | $2,303.93 | $15,196.16 |
| 4/09 | $11,719.38 | $1,302.92 | $2,343.88 | $15,366.18 |
| 5/09 | $15,312.00 | $1,581.54 | $3,062.40 | $19,955.94 |
| 6/09 | $13,805.00 | $1,318.17 | $2,761.00 | $17,884.17 |
| **TOTALS** | **$106,943.00** | **$6,669.09** | **$21,388.60** | **$135,000.69** |

| Pension Fund | | | | |
|---|---|---|---|---|
| Month | Contribution Owed | Interest | Liquidated Damages | Total |
| 8/08 | $6,448.50 | $194.20 | $1,289.70 | $7,932.40 |
| 9/08 | $5,019.30 | $116.32 | $1,003.86 | $6,139.48 |
| 10/08 | $6,519.60 | $104.91 | $1,303.92 | $7,928.43 |
| 11/08 | $5,131.80 | $47.86 | $1,026.36 | $6,206.02 |

---

[2] No liquidated damages or interest are claimed to be owed to the Dues Fund.

| 3/09 | $4,627.80 | $565.31 | $925.56 | $6,168.89 |
| 4/09 | $4,963.50 | $551.82 | $992.70 | $6,508.02 |
| 5/09 | $6,960.00 | $718.88 | $1,392.00 | $9,070.88 |
| 6/09 | $6,275.00 | $599.17 | $1,255.00 | $8,129.17 |
| **TOTALS** | **$45,945.50** | **$2,898.47** | **$9,189.10** | **$58,083.29** |

| Apprenticeship & Training Fund | | | | |
|---|---|---|---|---|
| Month | Contribution Owed | Interest | Liquidated Damages | Total |
| 8/08 | $2,149.50 | $64.73 | $429.90 | $2,644.13 |
| 9/08 | $1,673.10 | $38.77 | $334.62 | $2,046.49 |
| 10/08 | $2,173.20 | $34.97 | $434.64 | $2,642.81 |
| 11/08 | $1,710.60 | $15.96 | $342.12 | $2,068.68 |
| 3/09 | $1,626.30 | $193.78 | $325.26 | $2,145.34 |
| 4/09 | $1.654.50 | $183.94 | $330.90 | $2,169.34 |
| 5/09 | $2,088.00 | $215.67 | $417.60 | $2,721.27 |
| 6/09 | $1,882.50 | $179.76 | $376.50 | $2,438.76 |
| **TOTALS** | **$14,957.70** | **$927.58** | **$2,991.54** | **$18,876.82** |

| Annuity Fund | | | | |
|---|---|---|---|---|
| Month | Contribution Owed | Interest | Liquidated Damages | Total |
| 8/08 | $5,373.75 | $161.84 | $1,074.75 | $6,610.34 |
| 9/08 | $4,182.75 | $96.93 | $836.55 | $5,116.23 |
| 10/08 | $5,433.00 | $87.42 | $1,086.60 | $6,607.02 |
| 11/08 | $4,276.50 | $39.88 | $855.30 | $5,171.68 |
| 3/09 | $4,065.75 | $484.44 | $813.15 | $5,363.34 |
| 4/09 | $4,136.25 | $459.86 | $827.25 | $5,423.36 |
| 5/09 | $5,220.00 | $539.16 | $1,044.00 | $6,803.16 |
| 6/09 | $4,706.25 | $449.37 | $941.25 | $6,096.87 |
| **TOTALS** | **$37,394.25** | **$2,318.90** | **$7,478.85** | **$47,192.00** |

### C. Attorneys' Fees and Costs

Mr. Wexler's revised affidavit in support of an award of attorneys' fees and costs fails to cure the deficiencies of the initial version. Pursuant to Local Rule 109.2.b, any motion seeking attorneys' fees is to include, *inter alia*, "a detailed description of the work performed broken down by hours or fractions thereof expended on each task . . . ." Furthermore,

Appendix B of the Local Rules of this Court, entitled "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases," provides that "[t]ime shall be recorded by specific task and lawyer or other professional performing the task" and "[f]ee applications, accompanied by time records, shall be submitted" in accordance with a specified format. *See* Local Rules, App. B at § 1. Plaintiffs have not provided any time records, nor have they otherwise itemized the time expended by specific attorneys on specific tasks at specific rates. As such, the court is unable to assess the reasonableness of Plaintiffs' request for attorneys' fees.

With regard to costs, Plaintiffs seek reimbursement of the $350.00 filing fee, $13.64 in postage, $1.00 in facsimile costs, and $52.60 in reproduction costs. (ECF No. 12, Ex. B, ¶ 3). The record reflects that Plaintiffs paid the $350.00 filing fee in this case, and they are entitled to recover that amount, which will be equally apportioned among the five plaintiff funds. They have provided no documentation supporting their claim to additional amounts, however, and those amounts will not be taxed.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' renewed motion for default judgment will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge